

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| BRIAN WESLEY KOLLIN, #08534-003 § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:05-1169-HFF-BHH |
| § | |
| RUTH YANCEY, Warden FCI Williamsburg § | |
| § | |
| Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

**I.    INTRODUCTION**

This is a § 2241 action. Petitioner is proceeding *pro se*. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report), in which she suggests that the action be dismissed without prejudice and without requiring the respondents to file a return. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

**II.    STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bruce Hendricks filed her report on May 4, 2005. Plaintiff timely filed his objections to the report on May 16, 2005. The Court will review each of the objections in turn.

### III.     PETITIONER'S OBJECTIONS

*A. Jurisdiction Pursuant to 28 U.S.C. § 2241*

Petitioner claims he is innocent of the 18 U.S.C. § § 922(g)(3), 922(j), and 922(k) charges, despite his jury conviction in the United States District Court for the Southern District of Alabama. Consequently, Petitioner challenges the validity of his conviction under 28 U.S.C. § 2241.[1] Petitioner also argues this Court's jurisdiction to hear § 2241 claims.

The Fourth Circuit has clearly defined the scope of § 2241. In an *en banc* decision, the Court held that

> [t]hose convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. When, however, § 2255 proves "inadequate or ineffective to test the legality of . . . detention," a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) (quoting 28 U.S.C.A. § 2241) (internal citations omitted). In short, Petitioner's present claims are appropriate under a § 2255 action, not a § 2241 action.

Petitioner correctly assesses this Court's jurisdiction to hear § 2241 claims. However, Petitioner misunderstands the Magistrate Judge's jurisdictional analysis. Petitioner appears to assume his action was dismissed due to inappropriate venue. Jurisdiction is not lacking because of

---

[1] 28 U.S.C. § 2241 reads in part, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

inappropriate venue; it is lacking because Petitioner failed to file his claim under § 2255. Thus, the Magistrate Judge's report will be adopted. Furthermore, the merits of the § 2241 claim need not be addressed as it has not been properly brought before this Court.

B. Other objections

The Court has considered Petitioner's remaining objections and finds them to be without merit.

IV.    CONCLUSION

Therefore, after a thorough review of the report and the objections thereto pursuant to the standard set forth above, and in light of the above analysis, the Court overrules the Petitioner's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly, the § 2241 petition is dismissed without prejudice and without requiring the Respondent to file a return.

**IT IS SO ORDERED.**

Signed this 13th day of June, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd

HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has a right to appeal this Order within thirty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.